UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

D. BRYCE DAVIS,

    Plaintiff,

  v.

UNITED STATES DEPARTMENT OF THE NAVY,

    Defendant.

Case No. 20-cv-1146-pp

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 9), ALLOWING PLAINTIFF TO FILE A SECOND AMENDED MOTION OR PAY THE FILING FEE AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS (DKT. NO. 7)**

Between May and September of 2020, the plaintiff filed eight cases in the Eastern District of Wisconsin, suing defendants ranging from Mark Zuckerberg to the United States Department of the Navy and the Mequon Police Department. Davis v. Zuckerberg, Case No. 20-cv-780; Davis v. Yahoo Corporate Headquarters, Case No. 20-cv-789; Davis v. Twitter, Case No. 20-cv-999; Davis v. United States Marine Corps, Case No. 20-cv-1125; Davis v. United States Dept. of the Navy, Case No. 20-cv-1146; Davis v. The Department of Defense, Case No. 20-cv-1261; Davis v. The Department of Justice, Case No. 20-cv-1275; Davis v. The Mequon Police Department, Case No. 20-cv-1359. In each case, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Before the court ruled on the motion for leave to proceed without

1

prepaying the filing fee, the plaintiff filed an amended motion in each of his cases; the motion in this case is at Dkt. No. 9.

The amended motions suffer from the same deficiencies as the original motions. The plaintiff has left blank or omitted information requested in most areas of the form, leaving the court to speculate on monthly income and expenses. As explained below, the court will deny without prejudice the plaintiff's amended motion and give the plaintiff a final opportunity to file an amended motion to proceed without prepaying the filing fee.

The plaintiff attached to his motion pages of exhibits. In addition, he has filed an "official legal document" containing "Intellectual Dark Hard Truths," dkt. no. 15, a sealed document with personal records, dkt. no. 16, and a letter from the plaintiff about the background of his case, dkt. no. 17. Aside from two phone bills, these documents do not appear to be relevant to the plaintiff's ability to pay the filing fee. The court will not consider those attachments at this time.

In this case, the defendant filed a motion to dismiss for lack of service. Dkt. No. 7. The court will deny without prejudice the defendant's motion to dismiss. Dkt. No. 7.

## I. Plaintiff's Amended Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 9)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff

indicates that he is now employed by Ascension Columbia St. Mary's Hospital Ozaukee and makes $13.00 per hour. Dkt. No. 9 at 2. He does not indicate how many hours he works each week or provide his monthly income—he simply gives his hourly wage. He also indicates that he has two dependents that he supports, but he does not state how much he provides in support each month. Id. at 1. He wrote "N/A" when asked about his rent or mortgage, car payments, alimony or child support and credit card payments. Id. at 2. Yet, he also states that he does not own a home. Id. at 3. He says that his household expenses vary, but provides no information to give the court a sense of generally how much he spends each month, and he indicates that he has no monthly expenses than those specifically asked about on the form. Id. at 2-3. Where the form asked for his total monthly expenses, the plaintiff wrote "not sure." Id. at 3. His motion indicates that he has a checking account with USAA, but he does not state the balance in that account or whether he has other accounts. Id. The plaintiff says he does not own a car or any other property of value. Id. at 3-4.

The court is unable to determine from this information the plaintiff's monthly income and expenses. The court will require the plaintiff to file a second amended motion stating whether he is currently working and, if so, the amount of his *monthly* income; explaining why he says he has no expenses related to housing (most people must pay either rent or a mortgage payment—is he living with family? Homeless? Living in a shelter?) and updating his financial information. Along with this order, the court is sending the plaintiff a blank Non-Prisoner Request to Proceed in District Court without Prepaying the

3

Filing Fee; he should write the words "second amended" at the top of the first page and use the form to provide current information. The plaintiff must fill in *each line* of the form with accurate information so the court can understand his actual income and expenses. The plaintiff's original motion listed amounts that he paid in child support as well as his medical, phone and grocery costs. Dkt. No. 2 at 2. The plaintiff should include the current amounts for these items in his second amended motion. If the plaintiff does not provide the court with the required information, the court will be unable to grant the plaintiff's motion and will require the plaintiff to pay the full filing fee to avoid having his case dismissed.

The court again advises the plaintiff he owes the full fees in each of the eight cases he has filed even if the court eventually grants one or more of the motions to proceed without prepaying the filing fee. Every person a court allows to proceed without prepaying the filing fee is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (emphasis added); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees."). This means that if the plaintiff chooses to proceed with all eight cases, he will owe approximately $3,200 in filing fees. If the plaintiff does not wish to be liable for the filing fees in all eight cases, he may file a motion to voluntarily dismiss one or more of the cases.

4

## II. Defendant's Motion to Dismiss Complaint (Dkt. No. 7)

On March 8, 2021, the defendant filed a motion to dismiss, alleging that more than ninety days had passed without proper service. Federal Rule of Civil Procedure 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). The defendant's motion is premature. As the court explained in Conn v. Nissen Enterprises,

> Rule 4(m) requires the plaintiff to serve the complaint on the defendant[] within ninety days after the complaint is "filed." The Seventh Circuit has held when a plaintiff applies to proceed without prepaying the filing fee, 28 U.S.C. § 1915(a) "implies a different approach." Williams-Guice v. Bd. of Educ. of City of Chi., 45 F.3d 161, 162 (7th Cir. 1995). The court noted that the statute says that the court may *authorize* the filing of a suit without prepaying of the filing fee; that language "imp[lies] that depositing a copy of the complaint with the clerk does *not* commence litigation . . . ." Id. (emphasis in the original). "Only the judge's order permitting the plaintiff to proceed *in forma pauperis*, and accepting the papers for filing, would commence the action." Id.; see also, Stephenson v. Peterman, No. 04-C-1228, 2006 WL 8449929, at *3 (E.D. Wis. Feb. 6, 2006).

2019 WL 4415640, *4 (E.D. Wis. Sept. 16, 2019).

The plaintiff filed a motion to proceed without prepaying the filing fee before the defendant filed its motion to dismiss. Because the court is deferring ruling on the plaintiff's amended motion to proceed without prepaying the filing fee, the complaint has not yet been "filed." The court will deny the defendant's motion without prejudice. If the plaintiff files an amended request to proceed without prepaying the filing fee by the deadline the court sets below, the court will screen the complaint. If the court determines that the complaint states a

claim, it will direct the U.S. Marshal to serve the complaint. See Stephenson, 2006 WL 8449929 at *4.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 9. By the end of the day on **March 14, 2022**, the plaintiff either must file a second amended motion to proceed without prepaying the filing fee or pay the $400 filing fee to the Clerk of Court.[1] The plaintiff must either file the second amended motion or pay the filing fee in time for the court to *receive* it by the end of the day on March 14, 2022. If, by the end of the day on March 14, 2022, the court has not received either (1) a second amended motion to proceed without prepaying the filing fee, (2) the full $400 filing fee or (3) a motion to voluntarily dismiss the case, the court may dismiss the case for the plaintiff's failure to diligently prosecute it. Civil Local Rule 41(c) (E.D. Wis.).

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to dismiss for lack of service. Dkt. No. 7.

Dated in Milwaukee, Wisconsin this 11th day of February, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[1] The current filing fee is $402 but when the plaintiff filed this case, the fee was $400. See wied.uscourts.gov/district-court-fee-schedule.

6